Joshua W. Denbeaux, Esq.
New Jersey Bar No. # 013871996
Denbeaux & Denbeaux
366 Kinderkamack Road
Westwood, NJ  07675
Attorneys for Plaintiff,
KATHLEEN E. MITCHELL A/K/A
KATHLEEN MITCHELL WILLIE DUKES

George Haines, Esq.
New Jersey Bar No. 032111999
ghaines@hainesandkrieger.com
David Krieger, Esq.
New Jersey Bar No. 009422002
dkrieger@hainesandkrieger.com
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY - TRENTON**

| | |
|---|---|
| KATHLEEN E. MITCHELL A/K/A KATHLEEN MITCHELL WILLIE DUKES, | Case No.: 3:19-cv-06615 |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT** |
| LEADERS FINANCIAL AND ENGLISHTOWN AUTO SALES, D/B/A WOODBURY TRUCK CENTER, AMJAD BARAKAT, INDIVIDUALLY AND AS AGENT OF ENGLISHTOWN AUTO SALES, PRESSLER, FELT & WARSHAW, LLP, | |
| Defendants. | |

KATHLEEN E. MITCHELL A/K/A KATHLEEN MITCHELL WILLIE DUKES, of full age, hereby Complains as follows:

## JURISDICTION

1.   This action arises out of Defendant's (as applicable and discussed herein) violations of the Fair Debt Collection Practices Act, 15 USC 1692, *et seq.* ("FDCPA") in its illegal efforts to collect a consumer debt and jurisdiction is therefore proper in this Court pursuant to 28 USC 1331.

2.   This action is also brought against the Defendants (as may be applicable discussed herein) for violations of the New Jersey Consumer Fraud Act, NJS 56:8-1, *et seq.*, the New Jersey Retail Installment Sales Act, NJS 17:16C-1, *et seq.*, the New Jersey Truth-in-Consumer Contract Warranty and Notice Act, NJS 56:12-24, *et seq.*, Violation of New Jersey Usury laws, NJS 31:1-1 and 2C:21-19 and violation of Plaintiff's rights as a collateralized debtor pursuant to NJS 12A:9-1, *et seq.* and for Civil Conspiracy amongst the defendants and against Plaintiff.

3.   Supplemental jurisdiction exists pursuant to 28 USC 1367 and this Court has original jurisdiction over Plaintiff's state law claims through the above statute and because of the applicability of the Entire Controversy Doctrine. NJ Court Rule 4:30A.

4.   Venue is proper in this District pursuant to 28 USC 1391(b) and (c) because Plaintiff resides within the District of New Jersey, a substantial portion of the events or omissions

giving rise to the claim occurred in this District and Defendants regularly conduct business in this District.

5.    The Plaintiff, KATHLEEN E. MITCHELL A/K/A KATHLEEN MITCHELL WILLIE DUES ("Plaintiff" or "Ms. Mitchell"), is an adult individual and New Jersey resident, and is a "consumer" as the term is defined by 15 USC 1692(a)(3).  The Plaintiff has an address of 536 Woodbury Lake Drive, Deptford, NJ  08096.

6.    Defendant PRESSLER, FELT & WARSHAR, LLP ("PFW"), is doing business in the State of New Jersey as a business entity operating as a collection agency, and is a "debot collector" as the term is defined by 15 USC 1692a(6).  PFW at all times acted by and through one or more of its debt collectors or other agents (the "Collectors").  Pressler address for service is 7 Entin Road, Parsippany, New Jersey 07054.

7.    Defendant Englishtown Auto Sales, d/b/a Woodbury Truck Center ("Englishtown") is, on information and belief, a domestic limited liability company licensed to do business in the State of New Jersey with a principal place of business at 413 Salem Avenue, Woodbury, NJ  08857 and an address for service at x/o Amjad Barakat, 1246 Englishtown Road, Old Bridge, NJ 08857.

8.    Amjad Barakat, ("Barakat") individually and as owner of Englishtown Auto Sales, on information and belief is a resident of the State of New Jersey with an address of service at 1246 Englishtown Road, Old Bridge, NJ  08857.

**9.**    Defendant Leaders Financial ("Leaders") is, on information and belief, a company licensed to do business in the State of New Jersey and was engaged in business in New Jersey at all times herein.  In 2018 alone, defendant Leaders Financial filed 144 separate complaints for debt collection in the New Jersey Superior Court. [**Exhibit 1**] (Plaintiff Mitchell's Complaint was the 68th filed.) On information and belief, these 144 Complaints were the only interaction with the Superior Court by Defendant Leaders.  Further on information and belief, defendant Leaders Financial is exclusively a financing entity for deep subprime automobile loans, virtually all of which are governed by the RISA.  Leaders Financial may be served at 21 Commerce Drive, Suite 191, Cranford, New Jersey 07016.

**10.**    Leaders, Englishtown and Barakat shall collectively be referred to herein as the "Creditor Defendants".

## FACTS

**11.**    Ms. Mitchell agreed to purchase a specific car from the Creditor Defendants.  At the time of the purchase, Ms. Mitchell paid a $1,000 down payment against the price of the vehicle.  This money was included in the calculation of the Amount Financed as disclosed in the retail installment sales contract executed between the parties. [**Exhibit 2**, page 2]

**12.**    The car was purchased through a retail installment sales contract for personal and consumer reasons and the cash

4

price of the vehicle was less than $10,000 and was subject to the New Jersey Retail Installment Sales Act ("RISA"). NJS 17:16C-1, *et seq.* [**Exhibit 2**]

13.   The contract for the purchase of the vehicle included a 'Doc Fee' of $299.00.

14.   The contract for the purchase of the vehicle also included a 'Motor Vehicle Fee' of $185.00.

15.   The above upcharge was included in the Amount Financed so that Ms. Mitchell was required to repay that principal amount and pay interest at a disclosed effective interest rate (APR) of 24.95% over 24 months.

16.   The inclusion of the Doc Fee is not amongst the list of permitted charges itemized in section 27 of the RISA and is therefore prohibited from inclusion in any RISA covered transaction. NJS 17:16C-27, 50, 54.

17.   To the extent that the Motor Vehicle Fee is what was actually paid to the State for purposes of transferring title, registration and other State fees, the sums so paid may be included in the transaction but may not be financed. NJS 17:16C-1(1).

18.   In other words, Ms. Mitchell may be required to repay the lender (or creditor in the future who may take assignment of the contract) the actual costs paid on her behalf to the State

of New Jersey, but the RISA prohibits a lender or creditor from requiring Ms. Mitchell to pay interest on those sums. Id.

19.   The inclusion of the Doc Fee in the contract and the financing of both the Doc Fee and the Motor Vehicle Fee is prohibited by relevant law.  Further, the improper inclusion of those amounts in the Amount Financed and Finance Charge calculation caused the disclosed effective interest rate (APR) to be fraudulently underdisclosed.

20.   The discovery effective interest rate (APR) was 24.95%.  When the improperly included charges and financing costs are properly excluded from the transaction the actual effective interest rate (APR) is 34.95%.

21.   Nevertheless, Defendant PFR, at the instruction of the Creditor Defendants, and specifically Leaders, filed suit to collect against Ms. Mitchell.

22.   In response, and as provided in the arbitration agreement between the parties, Ms. Mitchell invoked her right to arbitrate this dispute.

23.   Ms. Mitchell also duly served a demand, pursuant to her rights under Article Nine of the New Jersey Uniform Commercial Code, for an accounting of her loan.  Despite service of same on November 7, 2018, Leaders did not respond to the demand until December 7, 2018, two weeks beyond the 14 day response period set by the UCC.

**24.** The parties thereafter stipulated to the dismissal of the Special Civil Part Complaint and Ms. Mitchell duly commenced arbitration proceedings.

**25.** Leaders refused to make payment to the American Arbitration Association and on November 15, 2018, the American Arbitration Association rejected Ms. Mitchell's Complaint.

**26.** Thereafter, on November 27, 2018, by letter to the Defendants PFR and Leaders, Ms. Mitchell put the PFW and Leaders on notice that Leaders had refused to pay the required Arbitration fees and that as a result the American Arbitration Association had rejected the case.

**27.** Despite sufficient time having passed since delivery of the letter, and in the face of the Defendants' refusal to pay the American Arbitration Association fees, Ms. Mitchell now commences this litigation in the United Stages District Court, District of New Jersey, for all claims, federal and state, against the culpable defendants referenced above.

**Count I**

Violation of the Retail Installment Sales Act

NJS 17C-16-27, 50, 54;

**28.** The contract at issue is a Retail Installment Sales Act ["RISA"] covered contract. NJS 17C:16-1, *et seq.*

**29.**   The RISA covers all financing arrangements for the purchase of non-commercial goods for which the cash price of the good is less than $10,000.

**30.**   This is a RISA covered retail installment contract because the cash price of the vehicle being financed was less than $10,000 and because the Plaintiff purchased the vehicle for residential and personal purposes.

**31.**   The RISA sets strict controls over what type and amount of fees can be charged to consumers financing the purchase of consumer goods that have a cash price of less than $10,000.

**32.**   Specifically, New Jersey law at sections 27, 50 and 54 of the RISA prohibit the charging of any Document Fee or the similar in connection with the sale of the covered good. NJS 17C-27, 50, 54

**33.**   Despite prohibition of law, the contract at issue includes the prohibited fee and included a fee of $199 in the financing agreement at the stated APR of 24.95%.

**34.**   As a result of the Creditor Defendants charging and financing of the prohibited fee, Plaintiff has suffered harm recoverable under section 54 of the RISA. NJS 17:16C-54

**Count II**

Violation of the Consumer Fraud Act

NJS 56:8-1, *et seq.*

8

**35.**   The RISA is a consumer protection statute.   As such, a violation of the RISA is a violation of the Consumer Fraud Act. NJS 56:8-19; Perez v. Rent-A-Center, 186 N.J. 188 (1996)

**36.**   Consumer Fraud Act remedies are available to any victim of unconscionable business practices which, per the New Jersey Supreme Court, includes any business transaction which violates any consumer protection statute:

> Significantly – and contrary to the Appellate Division majority's conclusion – to establish a violation of the Act a plaintiff need not prove an unconscionable commercial practice.  Rather, the Act specifies the conduct that will amount to an unlawful practice in the disjunctive, as "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing [] concealment, suppression, or omission of any material fac ***." NJS 56:8-2 [].  Proof of any one of those acts or omissions or of a violation of a regulation will be sufficient to establish unlawful conduct under the act.

Cox v. Sears Roebuck, 138 N.J. 2, 7 (1994)

**37.**   The inclusion of the Doc Fee and the financing of the Doc Fee and the Motor Vehicle Fee are both violations of the RISA and its regulations.

**38.**   The RISA shares its regulations with the Consumer Financing Licensing Act ("CFLA") and those regulations include specific reference to the CFLA which, like the RISA section 27, specifically forbids the charging of the Doc Fee:

> Provisions applicable to all licensees:

>    **a)**   No licensee shall charge an interest rate
>    that is in excess of the rate permitted by NJS
>    2C:21-19
>    **b)**   <u>No licensee shall charge any fee other than
>    those permitted by NJS 17:11C-33</u>
>    **c)**   …
> NJAC 3:17-8.1 [emphasis supplied]

39.   The CFLA, at the section referenced in the regulations above prohibits the charging of the Doc Fee:

>    17:11C-33 Additional charges prohibited on
>    consumer loans; violations
>
>    **a.**   In addition to the interest herein provided
>    for on a consumer loan, *no further or other*
>    *charge, or amount whatsoever for any examination,*
>    ***service,*** *brokerage, commission,* ***expense, fee,*** *or*
>    *bonus or other thing or otherwise shall be*
>    *directly or indirectly charged, contracted for,*
>    *or received,* except for any amount actually paid
>    by a licensee to a public official for the
>    recording of a security interest in connection
>    with security given for the loan …
> NJS 17:11-33 [Emphasis added]

40.   The charging of the 'Doc Fee' and the financing of the motor vehicle fee was inconsistent with the express terms of the RISA and the regulations of the RISA.

41.   The inclusion and financing of the aforesaid fees was an unconscionable business practice.

42.   As an unconscionable business practice associated with the sale of a consumer good, the above conduct violates the New Jersey Consumer Fraud Act.

**43.**   As a result of the Creditor Defendants' violation of the RISA and the RISA regulations Plaintiff has suffered ascertainable loss and damages.

### Count III

<u>Violation of the Truth in Consumer Contract, Warranty and Notice</u>

<u>Act</u>

NJS 56:12-14, *et seq.*

(as to Creditor Defendants)

**44.**   All of the foregoing acts by the Creditor Defendants constitute violations of the Truth in Consumer Contract, Warranty and Notice Act.

**45.**   Pursuant to the Act, Plaintiff is entitled to damages for actual harm suffered and a penalty of note less than $100 and also has the right to petition the Court to extinguish the contract and for all reasonable counsel fees and costs.

**46.**   As a result of the actions by the Creditor Defendants, Plaintiff has suffered actual harm and ascertainable loss.

### Count IV:

Violation of the Usury Statutes

(as to Creditor Defendants)

"The design of the statutes against usury has been … to prevent avarice from preying upon necessity …". *Charles Borcherling's ex'r v. Christina Trefz*, 40 N.J. Eq. 502, 503 (Ch. 1885)

11

**47.**   Plaintiff hereby adopts all prior allegations in this Complaint as if set forth herein in full.

**48.**   The civil usury rate in New Jersey is 16%. NJS 31:1-1

**49.**   The criminal usury rate in New Jersey is 30%. NJS 2C:21-19

**50.**   The stated effective interest rate (APR) on the contract was 24.95%.

**51.**   The New Jersey Supreme Court, in <u>Perez v. Rent-A-Center</u>, 186 <u>N.J.</u> 188 (2006), specifically held that finance agreements for the purchase of goods that imposed a time price differential were governed by the usury laws of New Jersey.

**52.**   The disclosed amount financed in the Retail Installment Contract at issue was $5,690.00.

**53.**   The disclosed effective interested rate (APR) was 24.95%.

**54.**   The Finance Charge the contract required Ms. Mitchell to pay is $1,594.96 and it requires that the payments be made over 24 months in the amount of $303.54 per month.

**55.**   Leaders sued Ms. Mitchell for nonpayment of the <u>entire amount</u>, including all interest charges as though the loan had gone the full 24 month term, less only payments she made on the payment schedule and reduced by any insurance funds received.

**56.**   The Amount Financed in the contract – stated at $5,690 – was inflated by the $299 illegally included 'Doc Fee'.

12

**57.**   The displayed effective interest rate was *only* 24.95%; the <u>actual</u> effective interest rate (APR) was 34.60%, which is a rate greater than permitted under New Jersey civil and criminal usury statutes.

**58.**   The Amount Financed in the contract, set at $5,690, was illegally increased by the $299 'Doc Fee' charged in the contract.

**59.**   When the illegal fee is removed from the calculations, the correct Amount Financed is $5,281.

**60.**   When the 24 month term and 24 equal monthly installments of $303.54 imposed by the contract is used to calculate the effective interest rate on the legal amounts to be collected under the contract, the <u>actual</u> effective rate of interest (APR) is revealed to be 34.60%.

**61.**   This contract violates the civil and criminal usury statutes of the State of New Jersey.

### Count V

<u>Violation of Claimant's Rights as a Collateralized Debt Adjuster</u>

NJS 12A:9-210, 625(f)

(as to Creditor Defendants)

**62.**   Pursuant to Plaintiff's rights under NJS 12A:9-210, a Request for Accounting was formally delivered to PFW as agent for the Creditor Defendants on October 24, 2018.

63.   Despite due notice, and despite a legal requirement to respond within 14 days, the Creditor Defendants declinked to do so in the time period set by statute.

64.   As a result, Plaintiff is entitled to statutory damages of $500. NJS 12A:9-625(f).

### Count VI

#### Civil Conspiracy

(as to the Creditor Defendants)

65.   The Creditor Defendants all together entered into an agreement amongst one another for the purpose of fraudulent selling used automobiles.

66.   The intention behind the conspiracy and agreement was to sell used automobiles with fraudulently inflated prices beyond which were advertised and promised, and which included charges imposed by the Creditor Defendants which were known to be prohibited by New Jersey law.

67.   In furtherance of this conspiracy, the Creditor Defendants sold a vehicle to Ms. Mitchell and to others.

68.   Each of these contracts included charges and fees prohibited by New Jersey law.

69.   On information and belief, these transactions also included fraudulent inclusion of fees prohibited by relevant law in the hope that the victim would not be in a financial position

to be able to defend the fraudulent charges, even after any default on the loan agreement.

70.  The conspiracy also included a class action waiver built into every contract, along with a right to arbitrate which the parties to the conspiracy never intended to honor.

71.  As a result of the sale of the vehicle sold to Ms. Mitchell, infected by fraud in furtherance of the conspiracy amongst the Creditor Defendants, Ms. Mitchell has suffered harm.

**Count VII**

Violations of the Fair Debt Collection Practices Act

15 USC 1692, *et seq*.

(as to Defendant PFW)

72.  As discussed above, Plaintiff allegedly incurred a financial obligation (the "Debt") to the Creditor Defendants.

73.  The Debt arose from services provided by the Creditor Defendants which were primarily for family, personal or household purposes and which meet the defeinition of a "debt" under 15 USC 1692a(5).

74.  The Debt was purchased, assigned or transferred to PFW for collection, or PFW was employed by the Creditor Defendants to collect the Debt.

75.  PFW (as discussed above) attempted to collect the Debt through its improperly filed collected action at the direction

of the Creditor Defendants and, as such, engaged in "communications" as defined in 15 USC 1692a(2).

76. The Plaintiff has suffered and continues to suffer actual damages as a result of PFW's unlawful conduct.

77. As a direct consequence of PFW's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment as well as an inflated amount asserted on her motor vehicle loan.

78. PFW's conduct violated 15 USC 1692e in that PFW engaged in false, deceptive or misleading behavior in connection with the collection of a debt and sought to collect more than was legally owed resulting in a baseless collection lawsuit.

79. PFW's conduct violated 15 USC 1692e(2) in that PFW misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Leaders Financial as discussed above.

80. PFW's conduct violated 15 USC 1692e(5) in that PFW threatened to take action against the Plaintiff which it could not legally take or did not intend to take in collection of a debt by filing the lawsuit to collect an amount that simply was illegal to collect.

81.   PFW's conduct violated 15 USC 1692e(10) in that PFW employed various false representations and deceptive means to collect a debt.

82.   PFW's conduct violated 15 USC 1692f in that PFW used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle plaintiff.

83.   PFW's conduct violated 15 USC 1692f(1) in that PFW attempted to collect an amount not authorized by the agreement between Plaintiff and the Creditor Defendants as discussed above.

84.   The foregoing acts and omissions of PFW constitute numerous and multiple violations of the FDPCA, including every one of the above-cited provisions.

85.   Plaintiff is entitled to damages as a result of PFW's violations.

86.   Plaintiff has been required to retain the undersigned as counsel to protect her legal rights to prosecute this cause of action and is therefore entitled to an award of reasonable attorneys' fees plus costs incurred.

WHEREFORE, Plaintiff demands the following relief as may apply from each from each of the Defendants:

A. Damages, including credit damage;

B. For actual damages including but not limited to, the emotional distress the Plaintiff has suffered (and

17

continues to suffer) as a result of the intentional, reckless and/or negligent FDCPA violations pursuant to 15 USC 1692k(a)(1);

C. For statutory damages of $1,000 pursuant to 15 USC 1692k(a)(2)(a);

D. Extinguishment of all obligations to pay any finance charges;

E. Restitution;

F. Punitive Damages;

G. Treble Damages;

H. Statutory Penalties;

I. Extinguishment of the contract;

J. Attorney's fees and costs as permitted under law;

K. All other relief, which the Court may impose.

Dated: June 10, 2019

DENBEAUX & DENBEAUX
/s/ Joshua W. Denbeaux
Joshua W. Denbeaux
NJ Bar #013871996
DENBEAUX & DENBEAUX
372 Kinderkamack Road, Suite 5
Westwood, NJ 07675

HAINES & KREIGER,LLC
/s/ David Krieger, Esq.
NJ Bar #00942202
HAINES & KREIGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, NV 89123
Attorneys for Plaintiff,
Kathleen E. Mitchell a/k/a
Kathleen Mitchell Willie Dukes

# Exhibit 1

## EXHIBIT 1:
## LEADERS FINANCIAL COMPLAINTS FILED IN CALENDAR YEAR 2018

**1.**    Leaders Financial Co Vs Barnes Fredrica U       |    10524 |
Essex     |    18

**2.**    Leaders Financial Co Vs Deoliveira Wladimir       |    10525 |
Essex     |    18

**3.**    Leaders Financial Co Vs Lambert Reginald       |    7785 |
Hudson     |    18

**4.**    Leaders Financial Co Vs Quijano Corrine A       |    8063 |
Middlesex  |    18

**5.**    Leaders Financial Co Vs Crocker Jr Richard       |    6201 |
Monmouth     |    18

**6.**    Leaders Financial Co Vs Galloway Janita       |    6675 |
Ocean     |    18

**7.**    Leaders Financial Co Vs Rogers Paula A       |    10584 |
Essex     |    18

**8.**    Leaders Financial Co Vs Hala Iii Edward       |    2591 |
Somerset  |    18

**9.**    Leaders Financial Co Vs Rodrigues Francisco       |    7774 |
Union     |    18

**10.**    Leaders Financial Co Vs Capriglione John       |    10694 |
Essex     |    18

**11.**    Leaders Financial Co Vs Jackson Kyah       |    10700 |
Essex     |    18

**12.**    Leaders Financial Co Vs Richardson Jonathan B   |    10703 |
Essex     |    18

**13.**    Leaders Financial Co Vs Puckett Anthony J       |    4299 |
Morris     |    18

**14.**    Leaders Financial Co Vs Henderson Travis R       |    1975 |
Sussex     |    18

**15.**    Leaders Financial Co Vs Bartlett Brenden       |    9655 |
Bergen     |    18

**16.**    Leaders Financial Co Vs Caswell Gregg M       |    9697 |
Bergen     |    18

**17.**    Leaders Financial Co Vs Stewart Janielle       |    10847 |
Essex     |    18

**18.**   Leaders Financial Co Vs Novy Joanne E   |   7005 |
Ocean   |   18

**19.**   Leaders Financial Co Vs Jackson Raymond L   |   6683 |
Monmouth   |   18

**20.**   Leaders Financial Co Vs Vincent Ahmad S   |   11639 |
Essex   |   18

**21.**   Leaders Financial Co Vs Dawsey Jennifer M   |   11159 |
Essex   |   18

**22.**   Leaders Financial Co Vs Maldonado Rosemarie   |   11208 |
Essex   |   18

**23.**   Leaders Financial Co Vs Hall Thomas L   |   3909 |
Mercer   |   18

**24.**   Leaders Financial Co Vs Gobosack Martin A   |   7156 |
Ocean   |   18

**25.**   Leaders Financial Co Vs Dessalines Lemuel   |   3951 |
Mercer   |   18

**26.**   Leaders Financial Co Vs Lane Jr Tyrone   |   8339 | Union   |   18

**27.**   Leaders Financial Co Vs Bright Carol A   |   4712 | Morris   |   18

**28.**   Leaders Financial Co Vs Micius Wilson   |   7303 | Union   |   18

**29.**   Leaders Financial Co Vs Mills Lechai A   |   10282 | Essex   |   18

**30.**   Leaders Financial Co Vs Tabora Lester   |   7633 |
Hudson   |   18

**31.**   Leaders Financial Co Vs Mcelvey Amy L   |   840 |
Hunterdon   |   18

**32.**   Leaders Financial Co Vs Abusharia Yoseph   |   7572 |
Union   |   18

**33.**   Leaders Financial Co Vs Stewart Tracy C   |   7579 |
Union   |   18

**34.**   Leaders Financial Co Vs Reilly David   |   4124 | Atlantic   |   18

**35.**   Leaders Financial Co Vs Carosella Carmine M   |   7198 |
Camden   |   18

**36.**   Leaders Financial Co Vs Ogbuka Ebere C   |   11689 |
Essex   |   18

**37.**   Leaders Financial Co Vs Monclova Iv Stephen J   |   7381 |
Ocean   |   18

**38.**   Leaders Financial Co Vs Jackson Chawn E        |     4143 |   Atlantic   |   18

**39.**   Leaders Financial Co Vs Gist Berta M        |     4070 | Mercer    |   18

**40.**   Leaders Financial Co Vs Earle Ellis A        |   8616 | Union    |   18

**41.**   Leaders Financial Co Vs Santana Amber        |     11906 |   Essex   |   18

**42.**   Leaders Financial Co Vs Grant Yonette        |   11969 |   Essex   |   18

**43.**   Leaders Financial Co Vs Milton Jr Edgar W        |     9171 |   Middlesex |   18

**44.**   Leaders Financial Co Vs Pedrosa Zecheriah D        |   9174 |   Middlesex |   18

**45.**   Leaders Financial Co Vs Gabourel Ava A        |   7584 |   Ocean   |   18

**46.**   Leaders Financial Co Vs Garcia Rosa C        |   7585 |   Ocean   |   18

**47.**   Leaders Financial Co Vs Mclean Ebony L        |   12042 |   Essex   |   18

**48.**   Leaders Financial Co Vs Efford Tawuana M        |   8889 |   Union   |   18

**49.**   Leaders Financial Co Vs Lewis Jr Joseph        |   8890 |   Union   |   18

**50.**   Leaders Financial Co Vs Oremus Cory J        |   7870 |   Passaic   |   18

**51.**   Leaders Financial Co Vs Saint-Cyrus Ulysse        |   12423 |   Essex   |   18

**52.**   Leaders Financial Co Vs Walker Shameerah L        |   12431 |   Essex   |   18

**53.**   Leaders Financial Co Vs Whaley Jason R        |   9646 |   Middlesex |   18

**54.**   Leaders Financial Co Vs Lokker Stephanie E        |   7884 |   Ocean   |   18

**55.**   Leaders Financial Co Vs Termott Jr Kenneth J        |   7886 |   Ocean   |   18

**56.**   Leaders Financial Co Vs Boghos Samie        |   7939 |   Passaic   |   18

3

**57.**  Leaders Financial Co Vs Allen Gregory  |  9346 |
Hudson   |  18

**58.**  Leaders Financial Co Vs Pantoja Angelica  |  7599 |
Monmouth   |  18

**59.**  Leaders Financial Co Vs Noronha-Davila Antonio  |  4544 |
Atlantic  |  18

**60.**  Leaders Financial Co Vs Freschi Michael J  |  11527 |
Bergen   |  18

**61.**  Leaders Financial Co Vs Abdul-Qadir Harun A  |  12841 |
Essex   |  18

**62.**  Leaders Financial Co Vs Molzon Steven E  |  4109 | Gloucester
|  18

**63.**  Leaders Financial Co Vs Martinez Carlos A  |  5248 |
Morris   |  18

**64.**  Leaders Financial Co Vs Morrison Toni M  |  8270 |
Ocean   |  18

**65.**  Leaders Financial Co Vs Rinaldi Jr Peter M  |  8274 |
Ocean   |  18

**66.**  Leaders Financial Co Vs Estevez Valentin  |  9526 |
Union   |  18

**67.**  Leaders Financial Co Vs Kennedy Heyward  |  13100 |
Essex   |  18

**68.**  Leaders Financial Co Vs Mithcell Kathleen  |  4171 | Gloucester
|  18

**69.**  Leaders Financial Co Vs Brown Joshua A  |  9718 |
Union   |  18

**70.**  Leaders Financial Co Vs Monclova Iv Stephen J  |  8082 |
Monmouth   |  18

**71.**  Leaders Financial Co Vs Forbes Kerry A  |  8088 |
Monmouth   |  18

**72.**  Leaders Financial Co Vs Gaston Adrienne D  |  9910 |
Union   |  18

**73.**  Leaders Financial Co Vs Beckett Priscilla D  |  6385 | Burlington
|  18

**74.**  Leaders Financial Co Vs Nova Fior  |  10927 |
Middlesex  |  18

**75.**   Leaders Financial Co Vs Ferrer Alexander        |    9028 |
Ocean      |  18

**76.**   Leaders Financial Co Vs Maher Joanne        |    9030 |
Ocean      |  18

**77.**   Leaders Financial Co Vs Alvira Yamileth        |    9194 | Passaic   |  18

**78.**   Leaders Financial Co Vs Cruz Delia Y        |    14307 | Essex   |  18

**79.**   Leaders Financial Co Vs Peyton Isaiah        |    10622 |
Hudson     |  18

**80.**   Leaders Financial Co Vs Weathersbee Michael A    |    10638 |
Hudson     |  18

**81.**   Leaders Financial Co Vs Duda Michael        |    10551 |
Union     |  18

**82.**   Leaders Financial Co Vs Gray Gaston L        |    11303 |
Middlesex  |  18

**83.**   Leaders Financial Co Vs Caldwell Nassan S       |    10629 |
Union     |  18

**84.**   Leaders Financial Co Vs Gutierrez Lionel       |    10669 |
Union     |  18

**85.**   Leaders Financial Co Vs Mukoko-Kuku Taty E      |    11408 |
Middlesex  |  18

**86.**   Leaders Financial Co Vs Martinez Jose M        |    9377 |
Ocean      |  18

**87.**   Leaders Financial Co Vs Mcdonald Ulysse C       |    10763 |
Union     |  18

**88.**   Leaders Financial Co Vs Aponte Anitra L       |    9649 |
Passaic    |  18

**89.**   Leaders Financial Co Vs Entzminger Darien C      |    11079 |
Union     |  18

**90.**   Leaders Financial Co Vs Sanchez-Class Jose M     |    11091 |
Union     |  18

**91.**   Leaders Financial Co Vs Gaba Mira        |    13649 | Bergen   |  18

**92.**   Leaders Financial Co Vs Fort Daniel J        |    3049 | Cumberland
|  18

**93.**   Leaders Financial Co Vs Plankanoski Vojde      |    15195 |
Essex     |  18

**94.** Leaders Financial Co Vs Rosado Elizabeth | 11263 | Hudson | 18

**95.** Leaders Financial Co Vs Balaam Aisha G | 11845 | Middlesex | 18

**96.** Leaders Financial Co Vs Lyon David | 15296 | Essex | 18

**97.** Leaders Financial Co Vs Berrios Nancy E | 15345 | Essex | 18

**98.** Leaders Financial Co Vs Santos Wesley G | 13990 | Bergen | 18

**99.** Leaders Financial Co Vs Risko Anthony | 9735 | Ocean | 18

**100.** Leaders Financial Co Vs Rogers Michael J | 3807 | Somerset | 18

**101.** Leaders Financial Co Vs Bayona-Garcia Rita E | 15921 | Essex | 18

**102.** Leaders Financial Co Vs Pro Washingto | 6432 | Morris | 18

**103.** Leaders Financial Co Vs Quamina Shakeem S | 10175 | Passaic | 18

**104.** Leaders Financial Co Vs Montero Rosa | 11580 | Union | 18

**105.** Leaders Financial Co Vs Cordova Adriana | 11692 | Union | 18

**106.** Leaders Financial Co Vs Sperazza Eric | 7660 | Burlington | 18

**107.** Leaders Financial Co Vs Vecchio Denise A | 16713 | Essex | 18

**108.** Leaders Financial Co Vs Harper Rachelle | 3451 | Cumberland | 18

**109.** Leaders Financial Co Vs Rosario Jeancarlo | 13065 | Middlesex | 18

**110.** Leaders Financial Co Vs Williams Tawanda D | 13087 | Middlesex | 18

**111.** Leaders Financial Co Vs Espaillat Roddie | 13560 | Middlesex | 18

**112.** Leaders Financial Co Vs Zahara Richard | 10427 | Monmouth | 18

113. Leaders Financial Co Vs Diaz Leticia | 6616 | Morris | 18

114. Leaders Financial Co Vs Pearson Dana N | 6727 | Morris | 18

115. Leaders Financial Co Vs Hartley John P | 10444 | Ocean | 18

116. Leaders Financial Co Vs Termott Kimberly A | 10458 | Ocean | 18

117. Leaders Financial Co Vs Wilder Tawana | 10575 | Passaic | 18

118. Leaders Financial Co Vs Silaire Gerald | 12296 | Union | 18

119. Leaders Financial Co Vs Brand Melissa A | 1806 | Warren | 18

120. Leaders Financial Co Vs Polanco-Herrera Deivy | 17549 | Essex | 18

121. Leaders Financial Co Vs Costa Johnny | 13052 | Hudson | 18

122. Leaders Financial Co Vs Sanchez Devyn | 13847 | Middlesex | 18

123. Leaders Financial Co Vs Nagy Anthony L | 11289 | Ocean | 18

124. Leaders Financial Co Vs Carver David | 11349 | Ocean | 18

125. Leaders Financial Co Vs Olveras Kimberly | 13120 | Union | 18

126. Leaders Financial Co Vs Lowry Kimberly M | 1959 | Warren | 18

127. Leaders Financial Co Vs Reilly Lisa | 7662 | Morris | 18

128. Leaders Financial Co Vs Margeotes Sharon M | 12351 | Ocean | 18

129. Leaders Financial Co Vs Turner Jr Arthur | 19494 | Essex | 18

130. Leaders Financial Co Vs Crisler Tamena J | 6741 | Mercer | 18

131. Leaders Financial Co Vs Graham Raymond | 15185 | Middlesex | 18

7

**132.**   Leaders Financial Co Vs Aleaga Patricia          |     14308 |
Hudson    |   18

**133.**   Leaders Financial Co Vs Bayham Charles          |     12466 |
Ocean    |   18

**134.**   Leaders Financial Co Vs Irwin Margaret          |     4854 |
Somerset  |   18

**135.**   Leaders Financial Co Vs Tillman Khalil T          |     14468 | Union    |   18

**136.**   Leaders Financial Co Vs Wilson Charlie M          |     6869 |
Atlantic   |   18

**137.**   Leaders Financial Co Vs Pierre-Jules Wisbertha   |     19761 |
Essex     |   18

**138.**   Leaders Financial Co Vs Civale Melissa D          |     12641 |
Ocean    |   18

**139.**   Leaders Financial Co Vs Oritz Jeffery J          |     12667 | Ocean    |   18

**140.**   Leaders Financial Co Vs Morales-Castro Jose G   |     14487 |
Union    |   18

**141.**   Leaders Financial Co Vs Lewis Chakira          |     20144 |
Essex     |   18

**142.**   Leaders Financial Co Vs Kearny Kayla D          |     12996 |
Ocean    |   18

**143.**   Leaders Financial Co Vs Guenther John R          |     7430 |
Atlantic   |   18

**144.**   Leaders Financial Co Vs Campos Santiago Estephani |     19594 |
Bergen    |   18

# Exhibit 2

Christopher P. Odogbili – 003092004
Pressler, Felt & Warshaw, LLP
7 Entin Rd.
Parsippany, NJ 07054-5020
1-973-753-5100
Attorney for Plaintiff
File # M358489A
LEADERS FINANCIAL COMPANY ASSIGNEE OF
ENGLISHTOWN AUTO SLS D/B/A WOODBURY TRUCK CTR
                    Plaintiff

vs.                                          SUPERIOR COURT OF NEW JERSEY
                                             Law Division
KATHLEEN E MITHCELL A/K/A KATHLEEN MITCHELL   GLOUCESTER   Special Civil Part
WILLIE DUKES                                  Docket #

                    Defendant(s)
                                                  Civil Action
                                                   COMPLAINT
                                                   (Contract)
Plaintiff having a principal place of business at: 21 COMMERCE  DR  1ST  FL
CRANFORD, NJ 07016 says:

1. On April 23, 2016, the Plaintiff, LEADERS FINANCIAL COMPANY ASSIGNEE  OF
ENGLISHTOWN AUTO SLS D/B/A WOODBURY TRUCK CTR, entered  into  the  attached
retail installment sale contract, having the last four numbers 2133  which
went into default with a balance of $1,114.86.
2. Plaintiff, LEADERS FINANCIAL COMPANY ASSIGNEE OF  ENGLISHTOWN  AUTO  SLS
D/B/A WOODBURY TRUCK CTR, alleges that the Defendants, KATHLEEN  E MITHCELL
A/K/A KATHLEEN MITCHELL and WILLIE DUKES, are the  people  who signed  the
attached retail installment sale contract for the account having  the  last
four numbers 2133, and has a social security number  with  the  last  three
digits 995 and 575.

WHEREFORE, Plaintiff demands judgment on both  KATHLEEN  E  MITHCELL  A/K/A
KATHLEEN MITCHELL and WILLIE DUKES for $1,114.86 plus costs.

I certify that the matter in controversy is not the subject  of  any  other
court action or arbitration proceeding, now pending  or  contemplated,  and
that no other parties should be joined in this action.

I certify that confidential personal identifiers have  been  redacted  from
documents now submitted to  the  court,  and  will  be  redacted  from  all
documents submitted in the future in accordance with Rule 1:38-7(b).

                              PRESSLER, FELT & WARSHAW, LLP
                              Attorneys for Plaintiff(s)

                         [X] By:  S/ Christopher P. Odogbili
                                 Christopher P. Odogbili
                         [ ] By: _____
                                 Ian Z. Winograd
                         [ ] By: _____
                                 Mariam Fatima
                         [ ] By: _____
                                 Stephen E. Lundy
                         [ ] By: _____
                                 Theologia Papadelias

GLO-DC-004171-18   07/18/2018 10:21:28 AM  Pg 2 of 10 Trans ID: SCP20181592296

ACCOUNT: ▮▮▮▮▮                                    DATE: 3/21/18

**PLAINTIFF: LEADERS FINANCIAL COMPANY 21 Commerce Drive Cranford NJ 07016**

DEFENDANTS: KATHLEEN E MITCHELL

536 WOODBURY LAKE DR WOODBURY, NJ 08096

C/M: WILLIE DUKES

C/M: 424 PEACH STREET VINELAND, NJ 08360

DATE OF DEFAULT: 10/24/17 _____    DATE OF REPOSSESSION: _____

DATE NOTICE SENT: _____    DATE NOTICES POSTED: _____

PLACES NOTICES POSTED:

1. _____

2. _____

DATE OF NEWSPAPER AFFDT: _____    DATE OF SALE: _____

NAME OF PURCHASER: _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DEFAULT SUIT __X__ DEFICIENCY SUIT_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| AMOUNT OF NOTE...................$ 5690.00 | **ADDITIONAL CHARGES** | |
| PAID IN............................$ 3788.54 | LATE CHARGES.........$ 160.00 | |
| BALANCE...........................$ 1901.46 | REPOSSESSION FEES.$_____ | |
| BALANCE PLUS CHARGES.......$ 2061.46 | TITLE FEES...............$_____ | |
| TOTAL CREDITS....................$ 2560.01 | STORAGE FEES..........$_____ | |
| BALANCE LESS CREDITS........$ -498.55 | AUCTION FEES...........$_____ | |
| FINANCE CHARGE I .....$ 1613.41 | TRANSPORT FEES.......$_____ | |
| BALANCE...........................$ 1114.86 | COLLATERAL PROTECTION INS......$_____ | |
| | OTHER FEES........$_____ | |
| | TOTAL CHARGES.....$ 160.00 | |

PER DIEM _____ = $_____          **CREDITS**

PER DIEM STARTING ON: _____    SALE OF THE CAR..........$_____

ATTORNEY'S FEES...................$_____    INSURANCE PAYMENTS $ 2560.01

TOTAL SUIT...........................$_____    OTHER.....................$_____

COLLATERAL PROTECTION INS REBATE.$_____

TOTAL CREDITS.........$ 2560.01

MA

GLO-DC-004171-18   07/18/2018 10:21:28 AM  Pg 3 of 10 Trans ID: SCP20181592296

## Retail Installment Contract and Security Agreement

NJ-103-ARB 10/31/2010

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary |
|---|---|---|
| ENGLISHTOWN AUTO SLS d/b/a WOODBURY TRUCK CTR 413 SALEM AVENUE WOODBURY, NJ 08096 | KATHLEEN E MITCHEN WILLIE DUKES 536 WOODBURY LAKE DR WOODBURY, NJ 08096 | No. Date  4/23/2016 |

☐ Business, commercial or agricultural purpose Contract.

### Truth-In-Lending Disclosure

| Annual Percentage Rate The cost of your credit as a yearly rate. | Finance Charge The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid when you have made all scheduled payments. | Total Sale Price The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| 24.95 % | $ 1,594.96 | $ 5,690.00 | $ 7,284.96 | $ 1,000.00 $ 8,284.96 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 23 | $ 303.54 | Monthly Beginning 5/23/2016 |
| 1 | $ 303.54 | Thru Maturity of 4/23/2018 |
|  | $ |  |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If a payment is more than 10 days late, you will be charged 5% of the unpaid amount of the payment due, except that if the Property is primarily for personal, family, or household use and the cash price is $10,000 or less the charge for late payment will be $10.

**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

### Description of Property

| Year 2004 | Make FORD | Model EXPLORER EDDIE | Style SUV 4D | Vehicle Identification Number | Odometer Mileage 136,478 |
|---|---|---|---|---|---|
| ☐ New ☐ Used ☐ Demo | N/A | | Other: | | |

### Description of Trade-In

N/A

### Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("Agreement") applies:

The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

Retail Installment Contract-NJ Not for use in transactions secured by a dwelling.
Bankers Systems™
Wolters Kluwer Financial Services © 1995, 2010

RSS-MVLFAZNJ 10/31/2010
Page 1 of 7

GLO-DC-004171-18   07/18/2018 10:21:28 AM  Pg 4 of 10 Trans ID: SCP20181592296

## Sales Agreement

**Payment.** You promise to pay us the principal amount of $ 5,690.00 plus the time price differential accruing on the unpaid balance at the rate of 24.95 % per year from the date of this Contract until maturity. After maturity, or after you default and we demand payment, we will earn the time price differential on the unpaid balance at 24.95 % per year. Time price differential accrues on a Actual/365 day basis. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

[This area intentionally left blank.]

## Itemization of Amount Financed

| | |
|---|---:|
| a. Cash Price of Vehicle | $ 5,800.00 |
| b. Trade-In allowance | $ N/A |
| c. Less: Amount owing, paid to (includes l): N/A | |
| d. Net Trade-In (b-c; if negative, enter $0 here and enter the amount on line l) | $ N/A |
| e. Cash payment | $ 0.00 |
| f. Manufacturer's rebate | $ 1,000.00 |
| g. Other down payment (describe) | $ N/A |
| h. Down Payment (d+e+f+g) | $ N/A |
| i. Adjusted Cash Price (a-h) | $ 1,000.00 |
| j. Sales Tax (reduced as required due to value of like trade-in) | $ 4,800.00 |
| k. Unpaid balance of Cash Price (i+j) | $ 406.00 |
| l. Financed trade-in balance (see line d) | $ 5,206.00 |
| m. Paid to public officials - filing fees | $ 0.00 |
| n. Paid to public officials - supplemental title fee | $ N/A |
| o. Paid to public officials - other than filing fee | $ N/A |
| p. Insurance premiums paid to insurance company(ies) | $ N/A |
| q. Service Contract, paid to: N/A | $ N/A |
| r. Motor Vehicle Fee | $ 185.00 |
| s. Doc Fee | $ 299.00 |
| t. N/A | $ N/A |
| u. N/A | $ N/A |
| v. N/A | $ N/A |
| w. N/A | $ N/A |
| x. N/A | $ N/A |
| y. N/A | $ N/A |
| z. Total Other Charges/Amts Paid (l thru y) | $ 484.00 |
| aa. Principal Balance (k+z) | $ 5,690.00 |
| bb. Time Price Differential | $ 1,594.96 |
| cc. Time Balance (aa+bb) | $ 7,284.96 |
| dd. Prepaid Finance Charge | $ N/A |
| ee. Amount Financed (k+z-dd) | $ 5,690.00 |
| ff. Time Sale Price (h+cc) | $ 8,284.96 |

We may retain or receive a portion of any amounts paid to others.

## Insurance Disclosures

**Credit Insurance.** Credit life insurance pays all or part of the amount you owe under this Contract if you die. This insurance pays only the amount you would owe if you paid all your payments on time. Credit disability pays all or part of the payments due under this Contract while you are disabled. This insurance does not cover any increase in your payment or in the number of payments. See the policies or certificates from the named insurance companies for the details of the coverage these types of insurance provide, and for other terms and conditions. Credit life and credit disability (accident and health) are not required to

Retail Installment Contract-NJ Not for use in transactions secured by a dwelling.
Bankers Systems™
Wolters Kluwer Financial Services © 1995, 2010

MSS,MVLFAZN, 10/31/2010
Page 2 of 7

GLO-DC-004171-18   07/18/2018 10:21:28 AM  Pg 5 of 10 Trans ID: SCP20181592296

obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**
☐ Single ☐ Joint ☒ None

Premium $ N/A _____ Term N/A

Insured N/A

**Credit Disability**
☐ Single ☐ Joint ☒ None

Premium $ N/A _____ Term N/A

Insured N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: _____ DOB _____

By: _____ DOB _____

By: _____ DOB _____

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A _____. If you get insurance from or through us you will pay $ N/A _____ for N/A _____ of coverage.

This premium is calculated as follows:

☐ $ N/A _____ Deductible, Collision Cov. $ N/A
☐ $ N/A _____ Deductible, Comp. Cov. $ N/A
☐ Fire-Theft and Combined Additional Cov. $ N/A
☐ N/A _____ $ N/A

THIS DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE. WITHOUT SUCH INSURANCE, YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.

☒ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A _____ for N/A _____ of coverage.

## Rejection of Arbitration

Checking the following box will not affect the terms under which we will finance and sell the Property or any of the terms of this Contract, except that the arbitration provision will not be a part of this Contract:

☐ You reject the arbitration provision of this Contract.

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ Service Contract

| Term | N/A |
|---|---|
| Price | $ N/A |
| Coverage | N/A |

☐ Gap Waiver or Gap Coverage

| Term | N/A |
|---|---|
| Price | $ N/A |
| Coverage | N/A |

☐ N/A

| Term | N/A |
|---|---|
| Price | $ N/A |
| Coverage | N/A |

By: _____ Date _____

By: _____ Date _____

By: _____ Date _____

## Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we", "us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the

Retail Installment Contract-NJ Not for use in transactions secured by a dwelling.
Bankers Systems ™
Wolters Kluwer Financial Services © 1995, 2010

ISSAWFAZNJ 10/31/2010

Page 3 of 7

GLO-DC-004171-18  07/18/2018 10:21:28 AM  Pg 6 of 10 Trans ID: SCP20181592296

Vehicle and all other property described in the *Description of Property and Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from us, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *Total Sale Price* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any time price differential or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a time price differential or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned uncollected due to insufficient funds in your account, you agree to pay a fee of $20.

**Governing Law and Interpretation.** This Contract is governed by the law of New Jersey and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** From time to time you agree we may monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract (except as prohibited by law) if you fail to perform any obligation that you have undertaken in this Contract.

If the Property is primarily for personal, family, or household use, and the cash price is $10,000 or less, if you default you agree to pay

attorneys' fees of 20% of the first $500 and 10% on any excess of the amount due and payable under this Contract, if referred for collection to an attorney not a salaried employee of ours. For other transactions, if we hire an attorney who is not a salaried employee to collect what you owe, you will pay the attorney's reasonable fee and court costs the law permits.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, time price differential and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn the time price differential from the date we pay it at the contract rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- We may, as allowed by law, sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. This amount will earn the time price differential from the date paid at the contract rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Arbitration Provision

**Arbitration Provision. PLEASE READ CAREFULLY!** By agreeing to this arbitration provision you are giving up your right to go to court for claims and disputes arising from this Contract:

- **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION, AND NOT BY A COURT OR BY JURY TRIAL.**
- **YOU GIVE UP ANY RIGHT THAT YOU MAY HAVE TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS ACTION OR CLASS ARBITRATION AGAINST US IF A DISPUTE IS ARBITRATED.**
- **IN ARBITRATION, DISCOVERY AND RIGHTS TO APPEAL ARE GENERALLY MORE LIMITED THAN IN A JUDICIAL PROCEEDING, AND OTHER RIGHTS THAT YOU WOULD HAVE IN COURT MAY NOT BE AVAILABLE.**

You or we (including any assignee) may elect to resolve any Claim by neutral, binding arbitration and not by a court action. "Claim" means any claim, dispute or controversy between you and us or our employees, agents, successors, assigns or affiliates arising from or relating to:

1. the credit application;
2. the purchase of the Property;
3. the condition of the Property;
4. this Contract;
5. any insurance, maintenance, service or other contracts you purchased in connection with this Contract; or
6. any related transaction, occurrence or relationship.

This includes any Claim based on common or constitutional law, contract, tort, statute, regulation, or other ground. To the extent allowed by law, the validity, scope, and interpretation of this arbitration provision are to be decided by neutral, binding arbitration.

If either party elects to resolve a Claim through arbitration, you and we agree that no trial by jury or other judicial proceeding will take place. Rather, the Claim will be arbitrated on an individual basis, and not on a class or representative basis.

The party electing arbitration may choose any of the following arbitration organizations and its applicable rules, provided it is willing and able to handle the arbitration: American Arbitration Association, 1633 Broadway, Floor 10, New York, NY 10019 (www.adr.org); JAMS, 1920 Main Street, Suite 300, Irvine CA 92614 (www.jamsadr.com); or National Arbitration and Mediation (NAM), 990 Stewart Ave., Garden City, NY 11530 (www.namadr.com). You may get a copy of the applicable rules of these organizations by contacting them or visiting their websites. If the chosen arbitration organization's rules conflict with this arbitration provision, then the terms of this arbitration provision will govern the Claim. If none of those arbitration organizations is willing or able to handle the arbitration, the arbitrator can be selected pursuant to 9 U.S.C. Sections 5 and 6.

The arbitration hearing will be carried out in the federal district where you reside, unless you and we otherwise agree. Or, if you and we consent, the arbitration hearing can be by telephone. In connection with any arbitration, if you so request, we shall advance your filing, administration, service or case management fee, and your arbitrator or hearing fee, up to a total of $2,500.00. Unless the arbitrator awards them to a party, each party is responsible for the fees of its attorneys, experts, witnesses, and any other fees or costs, including any amount we have advanced.

An arbitrator must be a lawyer with at least ten (10) years experience and familiar with consumer credit law or a retired state or federal court judge. Except as provided below, the arbitration will be by a single arbitrator. In making an award, an arbitrator shall follow governing substantive law and any applicable statute of limitations. The arbitrator will decide any dispute regarding the arbitrability of a Claim. An arbitrator has the authority to order specific performance, compensatory damages, punitive damages, and any other relief allowed by applicable law. An arbitrator's authority to make awards is limited to awards to you or us alone. Furthermore, Claims brought by you against us, or by us against you, may not be joined or consolidated in arbitration with claims brought by or against someone other than you, unless agreed to in writing by all parties. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Any arbitration award shall be in writing, shall include a written reasoned opinion, and will be final and binding subject only to any right to appeal under the Federal Arbitration Act ("FAA"), 9 U.S.C. Sections 1, et seq., except that (i) if a single arbitrator awards you less than $5,000 you shall be entitled, upon request made within 20 days after the entry of that award, to have the award set aside and the Claim rearbitrated by a panel of three arbitrators, and (ii) if the single arbitrator awards you more than $100,000 we shall be entitled, upon request made within 20 days after the entry of that award, to have the award set aside and the Claim rearbitrated by a panel of three arbitrators. The party requesting such rearbitration will be required to pay the filing, administration, service or case management fee and the arbitrators and hearing fee, subject to final determination by the arbitration panel. Any court having jurisdiction can enforce a final arbitration award.

You or we can do the following without giving up the right to require arbitration:

- Seek remedies in small claims court for Claims within the small claims court's jurisdiction, or
- Seek judicial provisional remedies.

If a party does not exercise the right to elect arbitration in connection with any particular Claim, that party still can require arbitration in connection with any other Claim.

This arbitration provision survives any (i) termination, payoff, assignment or transfer of this Contract, (ii) any legal proceeding by you or us to collect a debt owed by the other, and (iii) any bankruptcy proceeding in which you or we are the debtor. With but one exception, if any part of this arbitration provision is deemed or found to be unenforceable for any reason, the remainder of this arbitration provision will remain in full force and effect. The one exception is that, if a finding of partial unenforceability would allow arbitration to proceed on a class-wide basis then this arbitration provision will be unenforceable in its entirely.

You and we expressly agree that this arbitration provision is governed by the FAA to the exclusion of any different or inconsistent state or local law.

By signing this Contract you are agreeing to the terms of this arbitration provision, unless you reject it as provided in the next paragraph.

**Caution: It is important that you read this arbitration provision thoroughly before you sign this Contract. By signing this Contract, you are acknowledging that you have read and understand this arbitration provision. If you do not understand something in this arbitration provision, do not sign this Contract; instead ask your lawyer. You can reject this arbitration provision by checking the box in the *Rejection of Arbitration* section of this Contract before you sign this Contract. If you do so, this arbitration provision will not be a part of this Contract, but all the rest of this Contract will continue to be binding and effective.**

### Notices

Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Si compra un vehículo usado: La información que se adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

### Third Party Agreement

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

| By: | N/A | | Date |
|-----|-----|-----|------|

### Signature Notices

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.

Arbitration. This Contract contains an Arbitration Provision that affects your rights.

GLO-DC-004171-18   07/18/2018 10:21:28 AM  Pg 9 of 10 Trans ID: SCP20181592296

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and by us.

_Kathleen Mitchell_                          4/23/2016
By: KATHLEEN E MITCHEN                        Date

_Willie Dukes_                               4/23/2016
By: WILLIE  DUKES                             Date

By: _____                  _____
                                             Date

**Assignment.** This Contract and Security Agreement is assigned to

Leaders Financial
21 Commerce Dr., Cranford, NJ 07016
the Assignee, phone (908) 497-9100. This assignment is made under the terms of a separate agreement made between the Seller and Assignee: ☐ This Assignment is made with recourse.

Seller

_[signature]_                                4/23/2016
By: ENGLISHTOWN AUTO SLS d/b/a                Date
WOODBURY TRUCK CTR

### NOTICE TO RETAIL BUYER

Do not sign this Contract in blank.

You are entitled to a copy of the Contract at the time you sign.

Keep it to protect your legal rights.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

Buyer

_Kathleen Mitchell_                          4/23/2016
By: KATHLEEN E MITCHEN                        Date

_Willie Dukes_                               4/23/2016
By: WILLIE  DUKES                             Date

By: _____                  _____
                                             Date

Seller

_[signature]_                                4/23/2016
By: ENGLISHTOWN AUTO SLS d/b/a               Date
WOODBURY TRUCK CTR

Retail Installment Contract-NJ Not for use in transactions secured by a dwelling.
Bankers Systems™
Wolters Kluwer Financial Services © 1995, 2010                    IRRS-LAAFA2NJ 10/31/2010
                                                                 Page 7 of 7

GLO-DC-004171-18  07/18/2018 10:21:28 AM  Pg 10 of 10 Trans ID: SCP20181592296

## Notice to Cosigner

| Creditor | Cosigner | |
|---|---|---|
| Leaders Financial<br>21 Commerce Dr. 1st Floor<br>Cranford, NJ 07016 | WILLIE DUKES<br>424 PEACH ST<br>VINELAND, NJ 08360 | Transaction No. _____<br><br>Date ___4/23/2016___ |

### Notice to Cosigner

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay, you will have to. Be sure you can afford to pay it if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of *your* credit record.

This notice is not the contract that makes you liable for the debt.

### Signatures

By signing, I acknowledge receipt of a copy of this Notice to Cosigner on today's date.

_____ 4/23/2016
WILLIE DUKES                        Date

_____
                                    Date

GLO-DC-004171-18   07/18/2018 10:21:28 AM  Pg 1 of 3 Trans ID: SCP20181592296



| Court's Address and Phone Number:<br>GLOUCESTER Special Civil Part<br>1 NORTH BROAD STREET<br>WOODBURY, NJ 08096-0000<br><br>856-853-3392 | Superior Court of New Jersey<br>Law Division, Special Civil Part<br>GLOUCESTER County<br>Docket No: GLO-DC-004171-18<br><br>Civil Action<br><br>CONTRACT DISPUTE |
|---|---|

## YOU ARE BEING SUED!

| <u>Person or Business Suing You (Plaintiff)</u><br>LEADERS FINANCIAL COMPANY ASSIGNEE OF<br>ENGLISHTOWN AUTO SLS D/B/A WOODBURY TRUCK CTR<br>See Page 3 for Plaintiff list<br><br><u>Plaintiff's Attorney Information</u><br>CHRISTOPHER P ODOGBILI<br>PRESSLER FELT & WARSHAW, LLP<br>7 ENTIN RD<br>PARSIPPANY, NJ 07054-9944<br>973-753-5100 | <u>Person or Business Being Sued (Defendant)</u><br>KATHLEEN E MITHCELL A/K/A KATHLEEN MITCHELL<br>WILLIE DUKES<br>See Page 3 for Defendant list<br><br>The Person or Business Suing You Claims You Owe the<br>Following: |
|---|---|

|  |  |
|---|---|
| Demand Amount | $1114.86 |
| Filing Fee | $55.00 |
| Service Fee | $14.00 |
| Attorney's Fees | $0.00 |
| TOTAL | $1183.86 |

### FOR JUDICIARY USE ONLY

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement. If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

<u>IF YOU DISAGREE</u> WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE 08/27/2018, OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO <u>ONE OR BOTH</u> OF THE FOLLOWING:

1. Answer the complaint. An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Offices or on the Judiciary's Internet site njcourts.gov under the section for Forms. If you decide to file an answer to the complaint made against you:
   ☒ Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: Treasurer, State of New Jersey. Include GLO-DC-004171-18 (your Docket Number) on the check.
   ☒ Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
   ☒ Hand deliver or send by regular mail a copy of the completed Answer form to the court's address listed above. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before 08/27/2018.

2. Resolve the dispute. Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the SIGNED agreement to the court's address listed above on or before 08/27/2018.

Please Note – You may wish to get an attorney to represent you. If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 856-848-5360. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 856-848-4589. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

/s/ Michelle M. Smith

Clerk of the Superior Court

GLO-DC-004171-18   07/18/2018 10:21:28 AM  Pg 2 of 3 Trans ID: SCP20181592296



Dirección y teléfono del tribunal
Parte Civil Especial de GLOUCESTER
1 NORTH BROAD STREET
WOODBURY, NJ 08096-0000
856-853-3392

El Tribunal Superior de Nueva Jersey
División de Derecho, Parte Civil Especial
Condado de GLOUCESTER
Número del expediente GLO-DC-004171-18
Demanda de Acción Civil
NOTIFICACIÓN DE DEMANDA
CONTRACT DISPUTE

## ¡LE ESTÁN DEMANDANDO!

Persona o entidad comercial que le está demandando (el demandante)
LEADERS FINANCIAL COMPANY ASSIGNEE OF ENGLISHTOWN AUTO SLS D/B/A WOODBURY TRUCK CTR
See Page 3 for Plaintiff list

Información sobre el abogado del demandante
CHRISTOPHER P ODOGBILI
PRESSLER FELT & WARSHAW, LLP
7 ENTIN RD
PARSIPPANY, NJ 07054-9944
973-753-5100

Persona o comercial ser demandada (el demandado)
KATHLEEN E MITHCELL A/K/A KATHLEEN MITCHELL
WILLIE DUKES

See Page 3 for Defendant list
La persona o comercial que le está demandando afirma que usted le debe lo siguiente:

| | |
|---|---|
| Cantidad a la vista | $1114.86 |
| Tasa judicial | $55.00 |
| Cargo del emplazamiento | $14.00 |
| Honorarios del abogado | $0.00 |
| TOTAL | $1183.86 |

### PARA USO EXCLUSIVO DEL PODER JUDICIAL

En la demanda adjunta la persona o entidad comercial que le está demandando le informa brevemente al juez su versión de los hechos de la causa y la suma de dinero que afirma que usted le debe. Si usted no responde a la demanda puede perder la causa automáticamente y el juez puede dar al demandante lo que está pidiendo más intereses y los costos legales. Usted tiene 35 días a partir de la fecha del emplazamiento para presentar su respuesta o un acuerdo firmado. Si se dicta un fallo en su contra, un Oficial de la Parte Civil Especial puede embargar su dinero, sueldo o sus bienes muebles (personales) para pagar todo el fallo o una parte del mismo. El fallo es válido por 20 años.

SI USTED NO ESTÁ DE ACUERDO CON LAS ALEGACIONES DEL DEMANDANTE, EL TRIBUNAL TIENE QUE RECIBIR UNA RESPUESTA POR ESCRITO O UN ACUERDO FIRMADO PARA EL 08/27/2018 O ANTES DE ESA FECHA, O EL JUEZ PUEDE EMITIR UN FALLO EN SU CONTRA. SI USTED NO ESTÁ DE ACUERDO CON EL DEMANDANTE, DEBE HACER UNA DE LAS SIGUIENTES COSAS O LAS DOS:

1. Responder a la demanda. Un formulario de respuesta que le explicará cómo responder a la demanda está disponible en cualquiera de las Oficinas de la Parte Civil Especial de Nueva Jersey o en el sitio Internet del Poder Judicial njcourts.gov bajo la sección de formularios (Forms). Si usted decide presentar una respuesta a la demanda que se hizo en su contra:

   [1] Llene el formulario de Respuesta Y pague la tasa judicial de presentación que corresponda mediante un cheque o giro bancario o postal acreditable al: "Treasurer, State of New Jersey" (Tesorero del Estado de Nueva Jersey). Incluya GLO-DC-004171-18 (el número de su expediente) en el cheque.

   [2] Envíe por correo el formulario de Repuesta llenado y el cheque o giro bancario o postal a la dirección del tribunal que figura más arriba, o entréguelos personalmente en dicha dirección.

   [3] Entregue personalmente o envíe por correo común una copia del formulario de Repuesta llenado al abogado del demandante. Si el demandante no tiene abogado, envíe su formulario de respuesta llenado al demandante por correo común y por correo certificado. Esto SE TIENE que hacer al mismo tiempo que presente su Respuesta al tribunal a más tardar el 08/27/2018.

2. Resolver la disputa. Comuníquese con el abogado del demandante, o con el demandante si éste no tiene abogado, para resolver esta disputa. El demandante puede estar de acuerdo con aceptar arreglos de pago. Si llegara a un acuerdo, envíe por correo o entregar personalmente el acuerdo FIRMADO a la dirección del tribunal que figura más arriba, o entréguelo personalmente en dicha dirección a más tardar el 08/27/2018.

Nota - Puede que usted quiera conseguir que un abogado para que lo represente. Si usted no puede pagar un abogado, podría obtener consejos legales gratuitos si se comunica con Legal Services (Servicios Legales) llamando al 856-848-5360. Si usted puede pagar un abogado, pero no conoce a ninguno, puede llamar al Lawyer Referral Services (Servicios de Recomendación de Abogados) del Colegio de Abogados (Bar Association) de su condado local al 856-848-4589. Notifique al tribunal ahora si usted necesita un intérprete o un arreglo por una discapacidad para cualquier comparecencia futura en el tribunal.

/s/ Michelle M. Smith

Subsecretario(a) del Tribunal Superior

GLO-DC-004171-18   07/18/2018 10:21:28 AM  Pg 3 of 3 Trans ID: SCP20181592296

|  Court's Address and Phone Number: GLOUCESTER Special Civil Part 1 NORTH BROAD STREET WOODBURY, NJ 08096-0000<br><br>856-853-3392 | Superior Court of New Jersey Law Division, Special Civil Part GLOUCESTER County Docket No: GLO-DC-004171-18<br>Civil Action<br>**SUMMONS**<br>CONTRACT DISPUTE |
|---|---|
| Additional Plaintiffs/demandantes adicionales | Additional Defendants/demandados adicionales<br>WILLIE DUKES |